**Cajetan Ferio FERNANDES,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 04–75288.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 17, 2006.

Filed Jan. 31, 2007.

Manpreet Singh Gahra, Ajai Mathew, Esq., Law Office of Manpreet Singh Gahra, Berkeley, CA, for Petitioner.

Kathryn E. Kovacs, Esq., DOJ—U.S. Department of Justice, Environment & Natural Resources Division, Ann Carroll Varnon, Esq., Matthew J. McKeown, DAG, DOJ—U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HUG, TASHIMA, and GOULD, Circuit Judges.

### MEMORANDUM *

Petitioner Cajetan Ferio Fernandes seeks review of a final order of removal issued by the Board of Immigration Appeals ("BIA"), which summarily affirmed a removal order issued by Immigration Judge ("IJ") Michael W. Straus. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

Fernandes, a native and citizen of India and a member of the Catholic church, seeks asylum under the Immigration and Nationality Act based on alleged persecution he suffered on account of his religious affiliation. During removal proceedings, Fernandes testified that, on three separate incidents, Hindu fundamentalists physically assaulted him, shot at him, and/or threatened to kill him unless he converted to Hinduism. The IJ found that Fernandes's mistreatment does not rise to the

level of persecution. The IJ further found that Fernandes could reasonably relocate to another part of India. For those reasons, the IJ concluded that Fernandes did not demonstrate past persecution or a well-founded fear of future persecution and, therefore, is not eligible for asylum.

We review for substantial evidence the factual determinations underlying a denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] 8 U.S.C. § 1252(b)(4)(B); *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Lanza v. Ashcroft,* 389 F.3d 917, 933 (9th Cir.2004); *Zheng v. Ashcroft,* 332 F.3d 1186, 1193 (9th Cir.2003). Accordingly, to reverse the IJ's findings, this court must find that the evidence not only supports the opposite conclusion, "but *compels* it." *Elias–Zacarias,* 502 U.S. at 481 n. 1, 112 S.Ct. 812; *Singh v. INS,* 134 F.3d 962, 966 (9th Cir.1998). Thus, an appellate court should uphold an IJ's denial of asylum unless the asylum-seeker demonstrates "that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Elias–Zacarias,* 502 U.S. at 483–84, 112 S.Ct. 812.

Even if Fernandes had demonstrated past persecution, past persecution merely creates a presumption of future persecution, which the government may rebut by demonstrating that conditions have changed or that the applicant can avoid persecution by relocating. 8 C.F.R. § 1208.13(b)(1)(i)(A); *Deloso v. Ashcroft,* 393 F.3d 858, 863–64 (9th Cir.2005); *Tawadrus v. Ashcroft,* 364 F.3d 1099, 1103

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36–3.

1. Because the BIA affirmed the IJ's decision without opinion, the IJ's decision constitutes the final agency action, so this court reviews the IJ's order. 8 C.F.R. § 1003.1(e)(4)(ii).

(9th Cir.2004); *Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir.2004). In this case, the IJ found that the government had successfully rebutted any potential presumption of future persecution by demonstrating that Fernandes could reasonably relocate to another part of India where he would not be harmed. There is substantial evidence in the record to support the IJ's conclusion. Specifically, the government demonstrated that certain provinces within India are controlled by Christian majorities, while others are controlled by secular parties that respect religious freedom. Violence against Christians in these areas is rare. Moreover, violence against Christians nationwide has decreased. As a result, it was reasonable for the IJ to conclude that, if Fernandes relocates to one of the Christian-controlled or secular areas, he would be free from the type of harm he might face upon returning to Goa.

Not only is safe relocation possible, but it is also a reasonable expectation. Fernandes's family lived in Bombay in the past, where they were unharmed, and one of his brothers currently lives in Bombay. Also, Fernandes worked on fishing vessels for months at a time. Consequently, Fernandes's argument that he cannot move because of language problems is unpersuasive. Thus, there is ample evidence to support the IJ's conclusion that Fernandes can avoid future harm by relocating within India. *See Knezevic v. Ashcroft*, 367 F.3d 1206, 1214–15 (9th Cir.2004) (citing 8 C.F.R. § 1208.13(b)(3)); *Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir.2003). The record does not compel the contrary conclusion.

Because Fernandes has failed to demonstrate a well-founded fear of future persecution, he necessarily fails to satisfy the

more stringent requirement for withholding of removal and protection under the CAT. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003).

PETITION FOR REVIEW DENIED.